# *Exhibit A*

Superior Court of Arizona

**CV2014-053514**

MICHAEL K. JEANES, CLERK
BY _____ DEP
Do not type in ALL CAPS

FILED

14 JUN -9  PM 4:52

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Is Interpreter Needed?  ☐ Yes  ☒ No

If yes, what language: _____

To the best of my knowledge, all information is true and correct.

**Plaintiff's Attorney:**

Douglas F. Dieker

**Attorney's Bar Number:** 018317

**Attorney/Pro Per Signature** (If no attorney, YOUR signature)

**Plaintiff's Name(s):** (List all)

Jennifer Ladwig

William D. Glazner

Jeanine E. Haynes

(List additional plaintiffs on page two and/or attach a separate sheet.)

**Plaintiff's Address:**

c/o Douglas F. Dieker, P.C.

17797 N Perimeter Drive, Suite D-113

Scottsdale, AZ 85255

**Defendant's Name(s):** (List all)

Honeywell International     Mid-Continent Airmotive

(List additional defendants on page two and/or attach a separate sheet.)

**EMERGENCY ORDER SOUGHT:**
(if applicable)

☐ Temporary Restraining Order
☐ OSC – Order to Show Cause
☐ Employer Sanction

☐ Provisional Remedy
☐ Election Challenge
☐ Other

☐ **RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY.** (Mark appropriate box under **Nature of Action**).

☐ **RULE 8(i) COMPLEX LITIGATION APPLIES**  Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

**NATURE OF ACTION**

(Place an "**X**" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☒ 116 Other (Specify) WRONGFUL DEATH

**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D.     ☐ 123 Hospital
☐ 122 Physician D.O     ☐ 124 Other

**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds - Sale
☐ Construction Defects (Residential/Commercial)
  ☐ 136 Six to Nineteen Structures
  ☐ 137 Twenty or More Structures

Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

Page 1 of 2

CV10f-cpdf-073112

**150-199 OTHER CIVIL CASE TYPES:**

- [ ] 156 Eminent Domain/Condemnation
- [ ] 151 Eviction Actions (Forcible and Special Detainers)
- [ ] 152 Change of Name
- [ ] 153 Transcript of Judgment
- [ ] 154 Foreign Judgment
- [ ] 158 Quiet Title
- [ ] 160 Forfeiture
- [ ] 175 Election Challenge
- [ ] 179 Employer Sanction Action (A.R.S. §23-212)
- [ ] 180 Injunction against Workplace Harassment
- [ ] 181 Injunction against Harassment
- [ ] 182 Civil Penalty
- [ ] 186 Water Rights (Not General Stream Adjudication)
- [ ] 187 Real Property
- [ ] Sexually Violent Persons (A.R.S. §36-3704) (Except Maricopa County)
- [ ] Minor Abortion (See Juvenile in Maricopa County)
- [ ] Special Action Against Lower Courts (See lower court appeal cover sheet in Maricopa)
- [ ] 194 Immigration Enforcement Challenge (§§ 1-501, 1-502, 11-1051)

**150-199 UNCLASSIFIED CIVIL CASE TYPES:**

- [ ] Notice of Appeal pursuant to A.R.S. §12-904 (formerly "Administrative Review") (See lower court appeal cover sheet in Maricopa)
- [ ] 150 Tax Appeal   (All other tax matters must be filed in the AZ Tax Court)

Case Number: _____

- [ ] 155 Declaratory Judgment
- [ ] 157 Habeas Corpus
- [ ] 184 Landlord Tenant Dispute - Other
- [ ] 159 Restoration of Civil Rights (Federal)
- [ ] 159 Clearance of Records (A.R.S. §13-4051)
- [ ] 190 Declaration of Factual Innocence (A.R.S.§12-771)
- [ ] 191 Declaration of Factual Improper Party Status
- [ ] 193 Vulnerable Adult (A.R.S. §46-451)
- [ ] 165 Tribal Judgment
- [ ] 167 Structured Settlement (A.R.S. §12-2901)
- [ ] 169 Attorney Conservatorships (State Bar)
- [ ] 170 Unauthorized Practice of Law (State Bar)
- [ ] 171 Out-of-State Deposition for Foreign Jurisdiction
- [ ] 172 Secure Attendance of Prisoner
- [ ] 173 Assurance of Discontinuance
- [ ] 174 In-State Deposition for Foreign Jurisdiction
- [ ] 176 Eminent Domain–Light Rail Only
- [ ] 177 Interpleader– Automobile Only
- [ ] 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- [ ] 183 Employment Dispute - Discrimination
- [ ] 185 Employment Dispute – Other
- [ ] 195(a) Amend Marriage License
- [ ] 195(b) Amend Birth Certificate
- [ ] 163 Other _____
      (Specify unless 163(b) or 163(c))

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- [ ] Antitrust/Trade Regulation
- [ ] Construction Defect with many parties or structures
- [ ] Mass Tort
- [ ] Securities Litigation with many parties
- [ ] Environmental Toxic Tort with many parties
- [ ] Class Action Claims
- [ ] Insurance Coverage Claims arising from the above-listed case types
- [ ] A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____   _____   _____

Additional Defendant(s)

_____   _____   _____

1   Douglas F. Dieker, SBN 018317
    **DOUGLAS F. DIEKER, P.C.**
2   17797 N. Perimeter Drive, Suite D-113
    Scottsdale, Arizona 85255
3   (602) 956-6300 -- Phone
    (602) 956-6310 -- Fax
4   douglas@diekerlawfirm.com
    Attorney for Plaintiff
5
    N. Russell Hazlewood (Kansas Bar ID 18664 – *pro hac vice application pending*)
6   **GRAYBILL & HAZLEWOOD, L.L.C.**
    218 N. Mosley
7   Wichita, Kansas 67202
    (316) 266-4058 - Phone
8   (316) 462-5566 - Fax
    *Attorney for Plaintiffs*
9

10              **SUPERIOR COURT FOR THE STATE OF ARIZONA**
11                          **MARICOPA COUNTY**

                                                          CV2014-053514
12  JENNIFER LADWIG, personally and on behalf    | Case No.:
    of the heirs of Glenn A. Mull, deceased; and |
13  WILLIAM D. GLAZNER, and JEANINE E.           |        **Summons**
    HAYNES, as  co-personal representatives who  |
14  are the administrators of the estate of Glenn A. |
    Mull, deceased;                              | If you would like legal advice from a lawyer,
15                  Plaintiffs,                  | contact the Lawyer Referral Service at
                                                 |             602-257-4434
16  vs.                                          |                 or
                                                 | www.maricopalawyers.org
17                                               |         Sponsored by the
    HONEYWELL INTERNATIONAL INC. and            | Maricopa County Bar Association
18  MID-CONTINENT AIRMOTIVE, INC.,               |

19                  Defendants.

20

21  **Requests for reasonable accommodation for persons with disabilities must be**
    **made to the division assigned to the case by parties at least 3 judicial days in**
22  **advance of a scheduled court proceeding.**

23  THE STATE OF ARIZONA TO THE DEFENDANTS:

24      HONEYWELL INTERNATIONAL INC.,
        Corporation Service Company
25      2338 West Royal Palm Road, Suite J
26      Phoenix, Arizona 85021

                                    1

1  **YOU ARE HEREBY SUMMONED** and required to appear and defend, within

2 the time applicable in this action in this Court.  If served within Arizona you shall

3 appear and defend within 20 days after the service of the Summons and Complaint

4 upon you, exclusive of the day of service.  If served out of the State of Arizona --

5 whether by direct service, by registered or certified mail, or by publication -- you shall

6 appear and defend within 30 days after the service of the Summons and Complaint

7 upon you is complete, exclusive of the day of service.  Where process is served upon

8 the Arizona Director of Insurance as an insurer's attorney to receive service of legal

9 process against it in this state, the insurer shall not be required to appear, answer or

10 plead until expiration of 40 days after date of such service upon the Director.  Service

11 by registered or certified mail without the State of Arizona is complete 30 days after

12 the date of filing the receipt and affidavit of service with the Court.   Service by

13 publication is complete 30 days after the date of first publication.  Direct service is

14 complete when made.  Service upon the Arizona Motor Vehicle Superintendent is

15 complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's

16 Return.  RCP 4; ARS §§20-222, 28-502, 28-503.

17

18  **YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and

19 defend within the time applicable, judgment by default may be rendered against you

20 for the relief demanded in the Complaint.

21

22  **YOU ARE CAUTIONED** that in order to appear and defend, you must file an

23 Answer or proper response in writing with the Clerk of this Court accompanied by the

24 necessary filing fee, within the time required and you are required to serve a copy of

25 any Answer or response upon the Plaintiffs' attorney.  RCP 10(D); ARS §12-311; RCP

26 5.



JUN 0 9 2014

MICHAEL K. JEANES, CLERK
DEPUTY CLERK

The name and address of plaintiffs' attorneys are:

Douglas F. Dieker, Esq.
**DOUGLAS F. DIEKER, P.C.**
17797 N. Perimeter Drive, Suite D-113
Scottsdale, Arizona 85255

SIGNED AND SEALED this date: _____
                                              Clerk


By:_____
                      Deputy Clerk

3

1

Douglas F. Dieker, SBN 018317
**DOUGLAS F. DIEKER, P.C.**

2

17797 N. Perimeter Drive, Suite D-113
Scottsdale, Arizona 85255

3

(602) 956-6300 - Phone
(602) 956-6310 - Fax

4

douglas@diekerlawfirm.com
Attorney for Plaintiffs

5

N. Russell Hazlewood (Kansas Bar ID 18664 – *pro hac vice* application pending)

6

**GRAYBILL & HAZLEWOOD, L.L.C.**
218 N. Mosley

7

Wichita, Kansas 67202

8

(316) 266-4058 - Phone
(316) 462-5566 - Fax

9

*Attorney for Plaintiffs*

**COPY**

JUN 0 9 2014

MICHAEL K. JEANES, **CLERK**
M. SULLIVAN
DEPUTY CLERK

10

**SUPERIOR COURT FOR THE STATE OF ARIZONA**
**MARICOPA COUNTY**

11

12

JENNIFER LADWIG, personally and on
behalf of the heirs of Glenn A. Mull,

13

deceased; and WILLIAM D. GLAZNER, and
JEANINE E. HAYNES, as  co-personal

14

representatives who are the administrators
of the estate of Glenn A. Mull, deceased;

15

16

Plaintiffs,

17

vs.

18

HONEYWELL INTERNATIONAL INC. and
MID-CONTINENT AIRMOTIVE, INC.,

19

Defendants.

20

Case No.:  CV2014-053514

**COMPLAINT**

(Tort: Non-Motor Vehicle; Aviation
Negligence; Wrongful Death)

21

COME NOW the Plaintiffs, Jennifer Ladwig, personally and on behalf of the

22

heirs of Glenn A. Mull, deceased, and William D. Glazner, and Jeanine E. Haynes, as

23

Co-Personal Representatives who are the Administrators of the Estate of Glenn A.

24

Mull, deceased, and for their Complaint against the Defendants, and each of them,

25

allege as follows:

26

1

**PLAINTIFFS**

1.     Plaintiff Jennifer Ladwig is an adult individual resident and citizen of the State of Kansas.  She is the surviving daughter of Glenn A. Mull, deceased.

2.     Plaintiff William D. Glazner is an adult individual resident and citizen of the State of Kansas. He is the co-personal representative and administrator of the Estate of Glenn A. Mull, deceased.

3.     Plaintiff Jeanine E. Haynes is an adult individual resident and citizen of the State of Kansas. She is the co-personal representative and administrator of the Estate of Glenn A. Mull, deceased.

**PLAINTIFFS' DECEDENTS**

4.     Plaintiffs' deceased, Glenn A. Mull, age 62, died from injuries sustained in the below referenced crash.

**DEFENDANT MID-CONTINENT AIRMOTIVE, INC.**

5.     Defendant Mid-Continent Airmotive, Inc. (hereinafter referred to as "Mid-Continent Airmotive"), is an Oklahoma Corporation with its principal business in the State of Oklahoma.  Service may be had by serving its registered agent, Kornfeld, McMillan, Phillips & Upp, 3037 NW 63rd #200-W, Oklahoma City, OK.

6.     Defendant Mid-Continent Airmotive is engaged in the business of inspecting, maintaining, and/or servicing aircraft, including the subject aircraft in the United States, including Arizona, Kansas and Tennessee.

7.     At all times material hereto, Defendant Mid-Continent Airmotive inspected, maintained, overhauled, and/or serviced the subject aircraft, including its engines and avionics which are the subject of this lawsuit, to be used by a foreseeable class of persons, of whom Glenn A. Mull was a member, consisting of those persons who may be pilots or passengers of the aircraft.  Defendant Mid-Continent Airmotive

2

1    initiated a flow of commerce into the State of Arizona by its knowing and intended

2    business with Honeywell.

3        8.    At all times material hereto, Defendant Mid-Continent Airmotive was

4    acting by and through its agents, servants, and/or employees, each of whom were

5    acting in the course and scope of their employment with this Defendant.

6                    **DEFENDANT HONEYWELL INTERNATIONAL INC.**

7        9.    Defendant Honeywell International Inc. (hereinafter referred to as

8    "Honeywell") is a Delaware Corporation with its principal place of business in the State

9    of Arizona.  Service may be had by serving its registered agent, Corporation Service

10   Company, 2338 West Royal Palm Road, Suite J, Phoenix, Arizona 85021.

11       10.    Defendant Honeywell is a Delaware Corporation engaged in the design,

12   manufacture, overhaul, support, testing, inspection, assembly, labeling, advertising,

13   sale, promotion, and/or distribution of engines and component parts for ultimate sale

14   and/or use in the State of Arizona.

15       11.    At all times material hereto, Defendant Honeywell has sold, delivered,

16   and/or distributed such products including the TPE-331 engines and component parts

17   herein referenced for ultimate sale and/or use in the forty-eight (48) continental states

18   of these United States of America, including the State of Arizona, to be used by a

19   foreseeable class of persons, of whom Glenn A. Mull was a member, consisting of

20   those persons who may be pilots or passengers of the aircraft.  Defendant Honeywell

21   initiated a flow of commerce into the State of Arizona by its knowing and intended

22   distribution and use of engines and related products, components, and services within

23   this county.

24       12.    At all times material hereto, Defendant Honeywell was acting by and

25   through its agents, servants and/or employees, each of whom were acting within the

26   course and scope of their employment with Defendant.

3

13.    Defendant Honeywell originated, overhauled, supported, designed and sold the TPE-331 engines which were installed in the subject aircraft prior to the crash. At the time of the crash the aircraft possessed defects which were a proximate and producing cause of the crash.

14.    Defendant Honeywell negligently designed, overhauled, and supported the installation of the Honeywell TPE-331 engines into the aircraft within the eighteen years prior to the crash.  The engines and its associated parts were negligently designed by Honeywell and were a proximate cause of the crash and Plaintiffs' damages.

15.    Defendant Honeywell undertook to provide its owners, users, operators and maintenance personnel with instructions related to the conversion and operation of the TPE-331 engines.  Defendant Honeywell performed this undertaking negligently in that, its instructions failed to provide adequate information and instructions. Honeywell also failed to warn of dangers associated with the engines.  This negligence was a proximate cause of the crash and Plaintiffs' damages.

16.    Within the 18 years prior to the crash, Defendant Honeywell negligently published defective and unreasonably dangerous instructions for continued airworthiness, service bulletins, service letters, and other maintenance instructions. These publications were inaccurate and/or inadequate and were a proximate cause and/or producing cause of the crash and Plaintiffs' damages.

**IDENTIFICATION OF AIRCRAFT**

17.    The subject aircrash involved a Gulfstream 690C aircraft, registration number N840V. The aircraft, its engines and avionics which are the subject of this lawsuit were designed, manufactured, maintained, assembled, overhauled, distributed, sold, serviced and/or supported by Defendants Honeywell and Mid-Continent Airmotive.

4

1

## JURISDICTION

2    18.    Jurisdiction in this court is proper as Defendants Honeywell and Mid-

3   Continent Airmotive had a reasonable expectation that they would be hailed into any

4   court within these United States, including a court in the State of Arizona, by reason of

5   injection their products and services into the stream of commerce. Defendant Mid-

6   Continent Airmotive's business with Honeywell and its customers in Arizona provides

7   in personam jurisdiction of this court over Mid-Continent Airmotive. Plaintiffs make no

8   federal claim, either express or implied, and rely solely on the laws of the State of

9   Arizona.

10    19.    It does not offend traditional notions of fair play and substantial justice to

11   require these Defendants to defend themselves in this forum. The contacts, ties and

12   relations of the Defendants, and each of them, are sufficient to the exercise of

13   personal jurisdiction within the courts of the State of Arizona. Defendants Honeywell

14   and Mid-Continent Airmotive are engaged in a persistent course of conduct such that

15   subjecting them to jurisdiction within the State of Arizona is lawful, appropriate and fair.

16   In addition, Defendants have done and continue to do business within the State of

17   Arizona, have performed acts or omissions within the State of Arizona which have

18   caused injury and damage, and this action arises from such business or tortious acts

19   or omissions committed within the State of Arizona.

20

## VENUE

21    20.    Venue in this court is proper Honeywell's principal place of business in

22   the United States is in Maricopa County, Arizona.

23    21.    All acts and transactions alleged herein either occurred or had tortious

24   consequences in Maricopa County, Arizona.

25

26

5

## DATES AND ACTS OF CONDUCT COMPLAINED OF

22.    On February 3, 2014, decedent Glenn A. Mull was the pilot of the Gulfstream 690C aircraft, registration number N840V.  Decedent and his family members departed Great Bend Municipal Airport in Kansas, with a destination of John C. Tune Airport in Nashville, Tennessee.

23.    While on approach to the John C. Tune Airport, the aircraft departed controlled flight and crashed in a field near Bellevue, Tennessee.

24.    Glenn A. Mull was fatally injured in the aricraft crash.  His daughter, Amy Harter, granddaughter, Samantha Harter, and wife, Elaine M. Mull, were also fatally injured in the aircraft crash.

## PLAINTIFFS' INJURIES AND DAMAGES

25.    As a direct and proximate result of the Defendants' design, overhaul, manufacture, sale, shipment, distribution, maintenance, service, operation, ownership, leasing, and transfer of the subject aircraft and engines in a dangerous and defective condition, improperly maintained, inspected, and serviced and improperly certified, Glenn A. Mull was killed.  By virtue of his untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, burial and funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including the past and future lost income, household services, and other value of benefits which would have been provided by the decedents.

26.    Plaintiffs further claim such damages as Glenn A. Mull may have suffered between the time of injury and the time of death and for the recovery of which the decedents might have maintained an action had death not ensued including, but

6

1   not limited to, mental anguish, physical disability, conscious pain and suffering, pre-

2   impact terror, and further considering the aggravating circumstances attendant upon

3   the fatal injury.

### COUNT I

5   (Negligence vs. Defendant Mid-Continent Airmotive, Inc. for Failure to

6   Properly Maintain, Repair, Service, Overhaul and Inspect Aircraft and Related

7   Components)

8       27.    Plaintiffs re-allege and incorporate herein all allegations contained in

9   paragraphs 1 through 26.

10       28.    Defendant Mid-Continent Airmotive held itself out as an entity which

11   could carefully and competently repair, retool, overhaul, service, inspect, machine or

12   otherwise provide and maintain safe aircraft and component parts, including the

13   engines and avionics in the course of its operations.

15       29.    Defendant Mid-Continent Airmotive, Inc., had a duty to use that degree

16   of care that an ordinarily careful and prudent aircraft repair and maintenance

17   operations facility would use under the same or similar circumstances.

18       30.    The aircraft, including the engines and avionics which were repaired,

19   serviced, overhauled, provided, or maintained by Defendant Mid-Continent Airmotive,

20   Inc., were improperly inspected, maintained and/or overhauled and said Defendant

21   knew or should have known that the subject components were in a defective condition

22   and otherwise flawed when the parts were put under normal usage.

24       31.    Defendant Mid-Continent Airmotive, Inc., knew or by using ordinary care

25   should have known of the potential of such dangerous condition as was created by its

26   failure to properly maintain, inspect, install and service the subject aircraft.

7

32.     Defendant Mid-Continent Airmotive, Inc., was negligent in the following respects:

(a)     Defendant Mid-Continent Airmotive, Inc., failed to properly remove, repair, replace, install and maintain the aircraft's components, including the engines and avionics;

(b)     Defendant Mid-Continent Airmotive, Inc., failed to properly inspect and examine the aircraft and its subcomponents;

(c)     Defendant Mid-Continent Airmotive, Inc., was negligent in further particulars presently unknown to Plaintiffs, but which will become known during the course of discovery.

33.     Plaintiffs' decedent was killed as a direct and proximate result of the negligence and carelessness of Defendant Mid-Continent Airmotive, Inc., as further set out above.

## COUNT II

(Strict Liability vs. Defendant Honeywell for Defective Design and Manufacture)

34.     Plaintiffs re-allege and incorporate herein all allegations contained in paragraphs 1 through 33.

35.     Defendant Honeywell designed, manufactured, overhauled, assembled, supplied, distributed, and/or sold the aforementioned engines and related component parts used therein in the course of its business.

36.     The aforesaid engines and related component parts used therein were then in a defective condition, unreasonably dangerous when put to their reasonably anticipated uses for reasons including, but not limited to, the following:

8

(a)     The engines and related component parts failed to perform as they were intended;

(b)     The design features of the engines allowed them to have a catastrophic failure when an accessory part or component therein failed;

(c)     The design of the engines and related component parts should prevent a catastrophic failure in the event of an accessory failure; and

(d)     The aforesaid aircraft engines related component parts were used in manner reasonably anticipated by this Defendant and others.

37.     There existed prior to the time of sale a reasonable alternative design for the engines which was safer as well as economically and technologically feasible and would have significantly reduced the risk of harm.

38.     Plaintiffs suffered damages as a direct and proximate result of said defective condition as existed when the aircraft engines and related component parts were sold by this Defendant resulting in the death Glenn A. Mull.

**COUNT III**

(Strict Liability vs. Defendant Honeywell

for Sale, Supply and Distribution of Defective Aircraft Parts)

39.     Plaintiffs re-allege and incorporate herein all allegations contained in paragraphs 1 through 38.

40.     Defendant Honeywell designed, manufactured, assembled, supplied, imported, overhauled, distributed, or sold the aforementioned engines and related component parts in the course of their business.

9

41.     The subject aircraft's engines and related component parts were then in a defective condition unreasonably dangerous when put to a reasonably anticipated use.

42.     The aforesaid aircraft's engines and related component parts were used in a manner reasonably anticipated by this Defendant and others.

43.     There existed prior to the time of sale a reasonable alternative design for the engines which was safer as well as economically and technologically feasible and would have significantly reduced the risk of harm.

44.     Plaintiffs were damaged as a direct result of the subject aircraft engines and related component parts being sold in a defective condition unreasonably dangerous which resulted in the death of Glenn A. Mull, deceased.

## COUNT IV

### (Negligence vs. Defendant Honeywell for Failure
### to Use Ordinary Care to Design and Manufacture Aircraft Parts)

45.     Plaintiffs re-allege and incorporate herein all allegations contained in paragraphs 1 through 44.

46.     Defendant Honeywell designed, manufactured, assembled, supplied, distributed, and/or sold the aforementioned engines and related component parts used therein in the course of its business.

47.     Defendant Honeywell held itself out as an entity which could carefully and competently design, manufacture, select materials for, design maintenance programs for, inspect, supply, distribute, and sell the engines and related component parts.

48.     Defendant Honeywell had a duty to use that degree of care that an ordinarily careful and prudent designer, manufacturer, and seller of engines and related component parts would use under the same or similar circumstances.

49.     Defendant Honeywell knew or by using ordinary care should have known of the potential of such dangerous condition as was created by its failure to properly design, manufacture, and sell safe engines and related component parts.

50.     Defendant Honeywell was negligent in the following respects:

(a)     The aircraft's engines and related component parts used a defective and unreasonably dangerous design; and

(b)     The engines and related component parts were defective in that a failure of these parts would make it impossible for a pilot to control and land the aircraft.

51.     There existed prior to the time of sale a reasonable alternative design for the engines which was safer as well as economically and technologically feasible and would have significantly reduced the risk of harm.

52.     Plaintiffs' decedent was killed as a direct and proximate result of the negligence and carelessness of Defendant Honeywell as further set out above.

WHEREFORE, Plaintiffs seek judgment against the Defendants and each of them as follows:

A.     For Plaintiffs and each surviving statutory beneficiary's special damages incurred in this matter, in amounts to be proven at trial and in amounts sufficient to satisfy the jurisdictional requirements of this court;

B.     For general damages for Plaintiffs and each statutory beneficiary's emotional pain and suffering, and loss of the love, care, comfort, companionship and consortium of Glenn A. Mull in amounts to be proven at trial;

C.     For Plaintiffs' reasonable costs incurred herein; and

D.     For such other and further relief as this court deems just and proper.


DATED this 9ᵗ day of June, 2014.


**DOUGLAS F. DIEKER, P.C.**


By:_____

Douglas F. Dieker
4518 N. 32nd Street, Suite 100
Phoenix, Arizona 85018
Attorney for Plaintiffs


**GRAYBILL & HAZLEWOOD, L.L.C.**


**By:**_____

N. Russell Hazlewood
 *pro hac vice application pending*
218 N. Mosley
Wichita, Kansas 67202
*Attorney for Plaintiffs*

12

1   Douglas F. Dieker, SBN 018317
    **DOUGLAS F. DIEKER, P.C.**
2   17797 N. Perimeter Drive, Suite D-113
    Scottsdale, Arizona 85255
3   (602) 956-6300 -- Phone
    (602) 956-6310 -- Fax
4   douglas@diekerlawfirm.com
    Attorney for Plaintiffs

5   N. Russell Hazlewood (Kansas Bar ID 18664 – *pro hac vice application pending*)
6   **GRAYBILL & HAZLEWOOD, L.L.C.**
    218 N. Mosley
7   Wichita, Kansas 67202
    (316) 266-4058 - Phone
8   (316) 462-5566 - Fax
    *Attorney for Plaintiffs*
9

COPY

JUN 0 9 2014

MICHAEL K. JEANES, CLERK
M. SULLIVAN
DEPUTY CLERK

10              SUPERIOR COURT FOR THE STATE OF ARIZONA
                         MARICOPA COUNTY

11  JENNIFER LADWIG, personally and on       Case No.: CV2014-053514
    behalf of the heirs of Glenn A. Mull,
12  deceased; and WILLIAM D. GLAZNER,         **CERTIFICATE RE: COMPULSORY**
    and JEANINE E. HAYNES, as  co-                    **ARBITRATION**
13  personal representatives who are the
    administrators of the estate of Glenn A.
14  Mull, deceased;
15                      Plaintiffs,
16
    vs.
17
18  HONEYWELL INTERNATIONAL INC.
    and MID-CONTINENT AIRMOTIVE, INC.,
19
                        Defendants.
20

21      The undersigned certifies that the largest award sought by the Complainants,

22  including punitive damages, but excluding interest, attorneys' fees, and costs, does

23  exceed the limits set by Local Rule for compulsory arbitration.   This case **IS NOT**

24  subject to the Uniform Rules of Procedure for Arbitration.

25  ///

26  ///

                                     1

1   DATED this ___ day of June, 2014.

2

3                                 **DOUGLAS F. DIEKER, P.C.**

4

5                                 By: _____
                                      Douglas F. Dieker
6                                     17797 N. Perimeter Drive, Suite D-113
                                      Scottsdale, Arizona 85054
7                                     Attorney for Plaintiffs

8                                 **GRAYBILL & HAZLEWOOD, L.L.C.**

9

10                                By: _____
                                      N. Russell Hazlewood
11                                    *pro hac vice application pending*
                                      218 N. Mosley
12                                    Wichita, Kansas 67202
                                      *Attorney for Plaintiffs*
13

14

15   **COPY** of the foregoing hand-
     delivered this ___ day of May,
16   2014, to:

17   Superior Court Clerk
     Arbitration Desk
18   201 West Jefferson
     Phoenix, Arizona 85003-2243
19

20   _____

21

22

23

24

25

26

                                      2

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
S. Bagnall, Deputy
6/16/2014 2:42:00 PM
Filing ID 5934347

1 Douglas F. Dieker, SBN 018317
**DOUGLAS F. DIEKER, P.C.**
2 17797 N. Perimeter Drive, Suite D-113
Scottsdale, Arizona 85255
3 (602) 956-6300 - Phone
(602) 956-6310 - Fax
4 douglas@diekerlawfirm.com
Attorney for Plaintiffs
5
N. Russell Hazlewood (Kansas Bar ID 18664 – *pro hac vice application pending*)
6 **GRAYBILL & HAZLEWOOD, L.L.C.**
218 N. Mosley
7 Wichita, Kansas 67202
(316) 266-4058 - Phone
8 (316) 462-5566 - Fax
*Attorney for Plaintiffs*
9

10 **SUPERIOR COURT FOR THE STATE OF ARIZONA**
**MARICOPA COUNTY**

11 | JENNIFER LADWIG, personally and on | Case No.: CV2014-053514
12 behalf of the heirs of Glenn A. Mull,
deceased; and WILLIAM D. GLAZNER, and
13 JEANINE E. HAYNES, as co-personal **MOTION AND CONSENT OF LOCAL**
representatives who are the administrators **COUNSEL FOR PRO HAC VICE**
14 of the estate of Glenn A. Mull, deceased; **ADMISSION OF N. RUSSELL**
**HAZELWOOD**
15 Plaintiffs,
16
vs.
17
HONEYWELL INTERNATIONAL INC. and
18 MID-CONTINENT AIRMOTIVE, INC., (Tort: Non-Motor Vehicle; Aviation
Negligence; Wrongful Death)
19
Defendants.
20

21 Pursuant to Supreme Court Rules 33(c) and 38(a), the undersigned moves the

22 Court to admit N. Russell Hazelwood Graybill & Hazelwood, LLC *pro hac vice* in this

23 action.

24 Attached is the Notice of Receipt of Complete Application by the State Bar of

25 Arizona together with the original verified Application and Certificate of Good Standing

26 for Mr. Hazelwood.

1

1        The filing fee as required by Rule 38(a) has been submitted to the State Bar of

2    Arizona.

3        Douglas F. Dieker of Douglas F. Dieker, P.C. hereby agrees to serve as

4    designated local counsel in this action.

5        A proposed order admitting N. Russell Hazelwood *pro hac vice* accompanies

6    this motion.

7

8        DATED this 16<u>th</u> day of June, 2014.

9

10                       **DOUGLAS F. DIEKER, P.C.**

11

12                       By:<u>/s/ Douglas F. Dieker</u>

13                          Douglas F. Dieker
                            4518 N. 32nd Street, Suite 100

14                          Phoenix, Arizona 85018
                            Attorney for Plaintiff

15

16   **ORIGINAL** e-filed with the Maricopa County
     Superior Court the 16<u>th</u> day of June, 2014

17

18   <u>/s/ M. Peraza</u>

19

20

21

22

23

24

25

26

                          2

| | | |
|---|---|---|
| 1 | **Maricopa County Superior Court** | |

Jennifer Ladwig et al,
    Plaintiff

            v.

Honeywell International Inc et al,
    Defendant.

)
)
)
)
)
)
)
)

CASE # **Not Provided**

SBA App #1008320

**NOTICE OF RECEIPT OF
COMPLETE APPLICATION**

NOTICE IS HEREBY given by THE STATE BAR OF ARIZONA that it has received the verified application and fee from Norman Hazlewood.

In addition to this application, applicant has made the following applications to appear pro hac vice, pursuant to Rule38 (a), within the previous three (3) years:

| Title of Matter | Court/Agency | Date | Granted? |
|---|---|---|---|
| | | | |

Exhibit A, the original verified application and Exhibit B, the original Certificate(s) of Good Standing are attached hereto.

DATED this 13th day of June 2014

                              Jennifer Ford, CAP
                              Member Resources Administrator
                              State Bar of Arizona

Original Mailed on this 10th day of June 2014 to:

Douglas F Dieker
Douglas F Dieker PC
17797 N Perimeter Dr Ste D113
Scottsdale, AZ 85255-5455



**STATE BAR**
OF **ARIZONA**

For Official Use Only
App# 1008320
Bar Number# P194343

Attn: Pro Hac Vice Dept
4201 N. 24ᵗʰ St., Ste 100
Phoenix, AZ 85016-6266
Phone: 602-340-7239

## Application for Appearance Pro Hac Vice

**PART I: Applicant Information**

Name of Applicant: Norman Russell Hazlewood

Firm/Company Name: Graybill & Hazlewood, L.L.C.

Office Address: 218 N. Mosley

Telephone: 316.266.4058          Fax: 316.462.5566          Email Address: russ@graybillhazlewood.com

Residence Address: 13721 E. Camden Chase St., Wichita, Kansas 67228

Title of cause or case where applicant seeks to appear: Jennifer Ladwig, et al. vs. Honeywell International, Inc., et al.

Docket Number: CV/2014- 053514

Court, Board, or Administrative Agency: Maricopa County Superior Court

Party on whose behalf applicant seeks to appear: All Plaintiffs

**Pursuant to Arizona Supreme Court Rule 38(a)(4), the applicant shall complete the information below:**

| Courts to Which Applicant Has Been Admitted: (Attach additional pages if necessary) | Date of Admission: | Bar Number: |
|---|---|---|
| Kansas | April 24, 1998 | 18664 |
|  |  |  |
|  |  |  |
|  |  |  |

☑ Applicant is a member in good standing in such courts.

☑ Applicant is not currently disbarred or suspended in any court.

Applicant ☐ is / ☑ is not (select one) currently subject to any pending disciplinary proceeding or investigation by any court, agency or organization authorized to discipline attorneys at law.

In the preceding three (3) years, applicant has filed applications to appear as counsel under Ariz. R. Sup. Ct., Rule 38(a) in the following:

| Title of Matter: | Docket #: | Court or Agency: | App Granted? (Y/N) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

This case or cause ☐ is / ☑ is not (select one) a related or consolidated matter for which applicant has previously applied to appear pro hac vice in Arizona. If this matter is a related or consolidated with any previous application, Applicant certifies that he/she will review and comply with appropriate rules of procedure as required in the underlying cause.
If applicable, please provide related or consolidated matter application or docket# _____

Revised 10/29/12

**DEPOSITED**

JUN 10 2014
CK# 4111 $400.00

Page 2

**PART II: Local Counsel Information**

Name of Arizona Local Counsel: Douglas F. Dieker

State Bar of Arizona Number: 018317

Address: 17797 N. Perimeter Dr., Suite D•113, Scottsdale, Arizona 85255

Telephone: 602.956.6300          Fax: 602.956.6310          Email Address: douglas@diekerlawfirm.com

☑ Local Counsel is a member in good standing.

☑ Local Counsel associating with a nonresident attorney in a particular cause shall accept joint responsibility with the nonresident attorney to the client, to opposing parties and counsel, and to court, board, or administrative agency in that particular cause.

**PART III: Parties and Certification**

Name(s) of each party in this cause and name and address of all counsel of record:

| Party: | Counsel of Record: | Address: |
|---|---|---|
| Jennifer Ladwig | Douglas F. Dieker | 17797 N. Perimeter Dr., Suite D•113, Scottsdale, Arizona 85255 |
| William D. Glazner | Douglas F. Dieker | 17797 N. Perimeter Dr., Suite D•113, Scottsdale, Arizona 85255 |
| Jeanine E. Haynes | Douglas F. Dieker | 17797 N. Perimeter Dr., Suite D•113, Scottsdale, Arizona 85255 |
| See attached additional page | | |

☑ Applicant is including with this application a nonrefundable application fee, payable to the State Bar of Arizona, in the amount of $460.00. Fifteen percent of the non-refundable application fee paid pursuant to this section shall be deposited into a civil legal services fund to be distributed by the Arizona Foundation for Legal Services and Education entirely to approved legal services organizations, as that term is defined in subparagraph (f) of this rule.

☑ Applicant is furnishing a certificate from the state bar or from the clerk of the highest admitting court of each state, territory, or insular possession of the United States in which the nonresident attorney has been admitted to practice law certifying the nonresident attorney's date of admission to such jurisdiction and the current status of the nonresident attorney's membership or eligibility to practice therein. The certificate furnished shall be no more than forty-five (45) days old.

Applicant certifies the following:
1. Applicant shall be subject to the jurisdiction of the courts and agencies of the State of Arizona and to the State Bar of Arizona with respect to the law of this state governing the conduct of attorneys to the same extent as an active member of the State Bar of Arizona, as provided in Ariz. R. Sup. Ct. Rule 46(b).
2. Applicant will review and comply with appropriate rules of procedure as required in the underlying cause.
3. Applicant understands and shall comply with the standards of conduct required of members of the State Bar of Arizona.

## Verification

STATE OF   Kansas                                    )
County of   Sedgwick                                 ) ss.

I, Norman Russell Hazlewood                     , swear that all statements in the application are true, correct and complete to the best of my knowledge and belief.

Dated: 06/02/2014                    Applicant's Signature: _____

SUBSCRIBED AND SWORN TO before me this 2nd   day of June   , 20 14 , by

Norman Russell Hazlewood

Name of Applicant

ELIZABETH ANN HAZLEWOOD
Notary Public, State of Kansas
My Appointment Expires
12-14-16

Notary Public

Revised 10/29/12

Part III: Parties and Certification (continued)

| Party: | Counsel of Record: | Address: |
| --- | --- | --- |
| Honeywell International Inc. | Unknown | Unknown |
| Mid-continent Airmotive, Inc.. | Unknown | Unknown |

# The Supreme Court of Kansas



## Certificate of Good Standing

I, **Carol G. Green**, Clerk of the Supreme Court of the State of Kansas, do hereby certify that the Supreme Court of Kansas is the highest court of law, and the court of last resort within the State of Kansas, and has exclusive jurisdiction over and control of the admission of applicants to the bar of this state.

I do further certify that on _____ April 24, 1998 _____,

### NORMAN RUSSELL HAZLEWOOD

was duly admitted to practice as an attorney and counselor of the Supreme Court and all other courts of the State of Kansas and is, on the date indicated below, a member in good standing of the Kansas Bar.

Witness my hand and the seal of the Supreme Court, hereto affixed at my office in Topeka,

**ACTIVE STATUS**

Kansas, this 3RD day of ___ June ___ 2014 ___.

_Carol g. green_
Clerk of the Supreme Court of Kansas